IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TRG HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:06cv411 (JCC) |
| | ) |
| TYRONE L. LECKNER, | ) |
| | ) |
| Defendant. | ) |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted and the third-party Defendant's motion to dismiss Count One of the third-party Plaintiff's complaint. For the reasons stated below, the Court will deny Defendant's motion and grant the third-party Defendant's motion.

### I. Background

Plaintiff, TRG Holdings, LLC ("TRG") contacted Defendant, Tyrone L. Leckner, in May of 2004 for the purpose of shipping a newly-purchased, used Ferrari automobile from California to Virginia. Leckner selected and contacted Competition Transport to ship the vehicle, and he charged Plaintiff $1,600.00 for his services.

In a Complaint dated March 1, 2006 and filed in Fairfax County Circuit Court, Plaintiff alleged that on or about May 20, 2004, the vehicle was damaged in Phoenix, Arizona while it was en

route to Virginia.  The Complaint, which sought damages of $74,900.00, consisted of a state law breach of contract claim and a Virginia Consumer Protection Act claim.  Defendant removed the case to this Court on April 13, 2006.  On the same day, he filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On April 24, 2006, Defendant filed a third-party complaint against Competition Transport, LLC ("Competition").  On May 24, 2006, Competition filed a motion to dismiss Count One of Leckner's third-party complaint.  These motions to dismiss are currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be

assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

### III. Analysis

In Leckner's motion to dismiss, he argues that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, creates a uniform rule for carrier liability when property is shipped in interstate commerce and that it completely preempts the Plaintiff's state law claims.  The preemptive effect of the Carmack Amendment on state law claims is grounded in a long line of undisputed precedent.  *See Adams Express Co. v. Croninger*, 226 U.S. 491 (1913); *Rehm v. Baltimore Storage Co.*, 300 F. Supp. 2d 408 (W.D. Va. 2004); *Hairston Motor Company v. Newsome*, 253 Va. 129 (1997).  In response, Plaintiff claims that the Carmack Amendment is inapplicable to the present situation since Plaintiff characterizes Leckner as a broker rather than a motor carrier.  The language of the Carmack Amendment makes clear that it does not apply to brokers.  *See* 49 U.S.C. § 14706*; Chubb Group of Ins. Cos. v. H.A. Transp. Sys.*, 243 F. Supp. 2d 1064 (C.D. Cal. 2002).  Thus, the question is whether Defendant qualifies under the statute as a broker or a motor carrier.

A broker is defined as a "person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or

holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. §13102(2). Plaintiff suggests that the complaint arises from Leckner's offer to arrange vehicle shipment with a motor carrier that Leckner would select. Plaintiff also forwards the Department of Transportation's records that classify Leckner as an "active broker" to support its claim. (Plf.'s Opp. Ex. 2.)

      In response, Leckner notes that Plaintiff's Department of Transportation document is not reflective of the time in question and is simply a recitation of self-labeling. He insists that the facts of the case and the complaint support the conclusion that he acted as a motor carrier rather than a broker. While acknowledging that "the difference between a carrier and a broker is often blurry," Leckner purports that the crucial distinction is "whether the party legally binds itself to transport, in which case it is considered a carrier." *CGU Int'l Ins. v. Keystone Lines Corp.*, No. C-02-3751 2004 U.S. Dist. LEXIS 8123, *1-2 (N.D. Cal. May 3, 2004). Defendant refers to the allegations that state that Defendant agreed to transport the vehicle, agreed to use special care in its transportation, and referred to "one of his trucks" as evidence of his status as a motor carrier.

At this stage of the proceedings, when the complaint is to be liberally construed in favor of plaintiff, the Court cannot definitively conclude that Defendant was a motor carrier.  The complaint stresses that Defendant arranged for the transportation, and as such he would classify as a broker.  Discovery can flesh out the exact nature of Leckner's role, and if necessary, the parties can re-argue the issue with more to contemplate than a pleading.

The third-party Defendant's motion to dismiss Count One of the third-party Plaintiff's complaint is also before the Court.  Via very similar arguments as used by Leckner in his own motion to dismiss, Competition argues that the interstate transportation service it provided Leckner is specifically governed by the Carmack Amendment.  As such, the Carmack Amendment preempts Count One, alleging state law claims for indemnification and contribution.  Competition objects to Leckner's claim that he is entitled to be reimbursed for any judgment levied against him, as well as attorneys' fees and costs.  Competition suggests that the only proper claim that Leckner may have is for any actual damages he may prove under the Carmack Amendment.

The Court agrees with Competition.  The only way that Plaintiff TRG can recover from Defendant Leckner is as a result of his duties as a broker, since any theory of recovery from

Leckner as a motor carrier would be preempted by the Carmack Amendment.  Defendant Leckner is not entitled to any indemnification from Competition for liability accruing from his faulty brokerage services.  Indeed, as Competition suggests, Leckner may have a claim against Competition for actual damages, but he must properly raise those pursuant to the Carmack Amendment rather than bootstrap them in via a third-party complaint alleging state law claims.

Because this Court will dismiss Count One of the third-party complaint, there is no need to evaluate the particular concerns of the damages sought pursuant to the claim.  As for any attorneys' fees sought in addition to Count One, the Court is directed by the clear language of 49 U.S.C. § 14706(b).  This statute instructs that attorneys' fees are available in a claim among carriers.  Having found that this litigation involves Leckner as a broker, the Court will grant Competition's motion to dismiss as to any damages of attorneys' fees and costs.

## IV. Conclusion

      For the reasons stated above, the Court will deny Defendant's motion to dismiss and grant the third-party Defendant's motion to dismiss.  An appropriate Order will issue.

July  20 , 2006　　　　　　　　　　　　　　　/s/　　　　　　　　
Alexandria, Virginia　　　　　　　　　James C. Cacheris
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE